**WAYNE METALCRAFT COMPANY,**
a corporation, Plaintiff,

v.

**BERKSON PRODUCTS, INC., Defendant.**

No. 59 C 1488.

United States District Court
N. D. Illinois.

Feb. 8, 1961.

Norman Lettvin and D. D. Allegretti, Bair, Freeman & Molinare, Chicago, Ill., for plaintiff.

Charles B. Cannon, Chicago, Ill., Daniel V. O'Keeffe, Marzall, Johnston, Cook & Root, Chicago, Ill., for defendant.

WHAM, District Judge.

This memorandum is drafted strictly for the purpose of advising the attorneys who tried the case and for whom it is not necessary to spell out anything but the basis of the decision. This is a suit for patent infringement brought by the plaintiff, Wayne Metalcraft Company, a corporation hereinafter referred to as Wayne which owns U. S. Patent No. 2,880,605 issued April 7, 1959 entitled Locking Closure, against the defendant, Berkson Products, Inc., hereinafter referred to as Berkson. Plaintiff alleges that at the time the patent was issued, Berkson was manufacturing a locking gas cap which infringed the patent but there is no charge that such infringement was willful nor is it alleged that Berkson knew of the pendency of the application for the patent before or during the making and selling of such first structure before the actual issuance of the patent. Berkson admits that the patent, if valid, reads upon its first structure. Plaintiff further charges that after the patent was issued and after Wayne had notified Berkson that its first structure infringed the patent, Berkson ceased to manufacture its first structure but devised and came out with and began to manufacture and sell another locking gas cap which was a modification of its first structure. Wayne further says that Berkson's second model constitutes but a colorable variation of its first model. Wayne requested that Berkson immediately cease and desist from further manufacture and sale of its modified structure, but alleges that Berkson willfully and wantonly, after notice, continued to infringe said patent and is presently infringing said patent by manufacturing and selling the locking gas cap based on its second structure which plaintiff says embodies the invention disclosed and claimed in said patent and will continue to infringe until enjoined by this Court.

Plaintiff prays for injunction, damages, treble damages by reason of alleged willful and wanton infringement, accounting, costs and attorneys' fees.

Defendant answered admitting the issuance of the patent and the ownership of same by Wayne but denies the validity of the patent for lack of novelty, and urges prior knowledge and usage, prior patents both foreign and domestic, and lack of invention and denies infringement.

By its counter-claim defendant seeks declaratory relief by way of injunction to prevent plaintiff's charges of infringement and its attempts to enforce such charges. The prayer for such relief is based upon alleged invalidity of the patent and further upon the contention that the patent, if valid, is limited by its history, to such narrow scope as not to be properly readable upon defendant's modified structure. Defendant's counter-claim prays for broad relief in keeping with the allegations therein as above set forth. An adequate answer to the counter-claim and denials by way of reply has been filed by plaintiff.

Only claims 4 and 5 of the patent are relied upon by plaintiff and only those claims will be considered.

From the foregoing statement of the pleadings it will be seen that the issues are four in number:

1. Is the patent valid?

2. If valid, are claims 4 and 5 thereof infringed by defendant's modified structure?

a. Under all the facts shown here, is the doctrine of equivalence applicable?

b. Is defendant entitled to the benefit of its defense of file wrapper estoppel which would render the doctrine of equivalence inapplicable?

c. Without consideration of the doctrine of equivalence, does said second structure infringe?

3. If the Court finds validity and infringement, was such infringement willful and wanton?

4. Is plaintiff, if successful in this suit, entitled to an accounting, and to damages, treble damages, attorneys' fees and an injunction?

After careful study of the patent and the evidence I have come to the conclusion that the patent is valid and embodies novelty and patentable invention over prior art. It is a combination patent in which all elements apparently are old except two which would scarcely be considered substantial were they not the very features that make the patented structure tamper proof and cause the patented lock to achieve its ultimate purpose of being tamper proof. The two elements in the combination that I find to be novel and to constitute invention are the guards which protect the catches of the lock by being attached to, placed outside and extending slightly under and lower than the structure which carries the catches and the lower skirt of the cover cap which is adjacent to the guards and extends below the catches and the guards effectively to reinforce the guards in rendering the lock tamper proof. These features have special importance in plaintiff's lock which catches the outwardly extending flanges of the gas tank filler neck and would be subject to easy access and tampering without the protection of said guard and the cooperating cap skirt. The examiner thought these features novel and patentable and made the combination a patentable lock closure. He granted the patent with claims 1, 2, 3, 4, and 5.

The plaintiff is entitled to the benefit of the presumption of validity which extends to a patent issued by the patent office and to the further presumption that arises from the fact that the principal patent references relied upon by defendant to establish prior art, were considered by the patent office during the prosecution of the patent application as appears from the history disclosed by the file wrapper. The publications relied upon by the defendant do not reach the precise points of novelty upon which this patent was allowed. Furthermore, both defendant's first structure and modified structure embody the exact structures devised to prevent tampering with the

lock from the outside of the filler neck that constitute the novelty and invention upon which the combination patent was allowed. The validity of the patent has the further support of its remarkable commercial success which needs not be reviewed here.

The patent having been held valid, is it infringed by defendant's second structure? Without discussing the matter at length I think it is enough to say that in my opinion the defendant's second structure infringes both of the structures which make patentable the combination of structures that constitute plaintiff's Locking Closure. The Patent Office found and I find both novelty and patentable invention in said guard and skirt which, in connection with the other elements described in the Locking Closure, justified allowance of the patent.

But defendant insists that because it uses a strap to fasten and hold the parts of the lock together which in the patent are retained and held together by the cover cap it departs from one of the principal features if not the one distinguishable feature of the structure which plaintiff claimed as novel and as setting the claimed structure apart from other like structures known to the prior art in the field of locking gas caps. The attorney for the applicant did argue strenuously that this was so, as shown in the file wrapper, but the Patent Office said that such retaining structure was old and in no way distinguished plaintiff's patent from prior art.

When the Patent Office held thus, the retaining cover, insofar as that function was concerned became nothing more than one of the old elements of the combination and in no way limited the claims of the patent to that precise structure as described in the patent. Wherefore the rule of file wrapper estoppel cannot be applied to this particular feature of the patent as contended for by the defendant. On the other hand, as I see it, there is nothing to prevent the application of the doctrine of equivalents.

When the doctrine of equivalents is applied the plaintiff's patent and claims 4 and 5 thereof read upon defendant's modified structure which stands here accused, quite as clearly as they did upon its first structure. I find defendant's strap, as formed with ends bent down, to which strap are fastened the parts of the lock which are retained in place by the cap cover in the patent, is the full equivalent of the cap cover constructed for that purpose as shown by the patent. Wherefore I not only find plaintiff's patent to be valid as aforesaid but I find that defendant's second structure infringes.

I find the infringement by the first structure to be without willfulness. As to the second structure and the infringement through its use I find the question of willfulness and wantonness not to be free from doubt. It is true that the second structure was devised under guidance of competent counsel with no purpose to infringe but with definite purpose not to infringe. Under the law cited by the defendant it appears that such obvious care not to infringe under advice of competent counsel is considered a defense against the charge of willful and wanton wrong. It is a dangerous rule which may often enable a cloak of innocence to shelter against intended wrong. In this case I am convinced that the defense is used in good faith and I should hold the charges of willful and wanton infringement not to be sustained.

I find plaintiff entitled to an injunction as prayed and to an accounting and costs but not to treble damages nor attorneys' fees.

Pursuant to the findings and conclusions set forth in this memorandum counsel for plaintiff is requested to prepare and submit to the Court proposed findings, conclusions and decree, including therein all findings and conclusions which are essential to compliance with the Federal Civil Rules of Procedure whether or not mentioned in this memorandum. Such findings and conclusions should be presented not later than eleven o'clock a. m. on Friday, February 10, 1961.